UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE TAYLOR, III, | No. 2:25-cv-0307 AC P |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| S. AWATANI, et al., | |
| Defendants. | |

Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer. He has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motion to proceed in forma pauperis is granted.[1]

I.  Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A

---

[1] This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. § 1914(a). As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to CDCR requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

1

1  claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v.
2  Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on
3  an indisputably meritless legal theory or factual contentions that are baseless.  Id., 490 U.S. at
4  327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an
5  arguable legal and factual basis.  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989),
6  superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir.
7  2000).

8    In order to avoid dismissal for failure to state a claim a complaint must contain more than
9  "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a
10 cause of action."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007).  In other words,
11 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
12 statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the
13 court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial
14 plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
15 inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citation
16 omitted).  When considering whether a complaint states a claim, the court must accept the
17 allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the
18 complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421
19 (1969) (citations omitted).

20    II.    Factual Allegations of the Complaint

21    The complaint alleges that defendants Awatani, Park, and Does 1-11 have violated
22 plaintiff's rights under the First Amendment by retaliating against him. ECF No. 1.  Plaintiff
23 alleges that on January 10, 2025, defendant Park downgraded his medical level of care after
24 plaintiff said he would file a lawsuit against him based on his failure to find plaintiff eligible for
25 compassionate release.  Id. at 3-6.  He asserts that the downgrade is an adverse action and
26 deprives him of his right to adequate medical care.  Id. at 6.  Defendant Awatani is Park's
27 supervisor who has "turned a 'blind eye' towards [plaintiff's] right to compassionate release" and
28 has been complicit in Park's retaliation.  Id. at 7.  Doe 1, identified as the warden of the California

2

1  Health Care Facility, is responsible for plaintiff's health and safety as the institution head and
2  needs to address the retaliation.  Id.  The remaining Does are medical staff who have failed to
3  make sure that the downgrade in plaintiff's level of care was appropriate.  Id. at 8.  Plaintiff
4  indicates that there is a grievance process and he has submitted a grievance, but that he has not
5  appealed it to the highest level because seeking administrative relief "will subject [him] to an
6  imminent risk of serious and irreparable harm to [his] mental health and physical health."  Id. at
7  3.

### III.     Failure to Exhaust

Because plaintiff is a prisoner suing over the conditions of his confinement, his claims are subject to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).  Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 520 (2002) ("§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences").  "[T]hat language is 'mandatory': An inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies."  Ross v. Blake, 578 U.S. 632, 638 (2016) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006)).  Dismissal for failure to state a claim is appropriate where "a failure to exhaust is clear on the face of the complaint."  Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (defendant may move for dismissal under Rule 12(b)(6) where exhaustion is clear on the face of the complaint) (en banc); Davis v. Cal. Dep't of Corr. & Rehab., 474 F. App'x 606, 607 (9th Cir. 2012) (district court properly dismissed case where it was clear on face of complaint that administrative remedies were not exhausted prior to filing). When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice."  Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) (citation omitted), overruled on other grounds by Albino, 747 F.3d at 1168.

////

3

Plaintiff represents that he has not taken his administrative appeal to the highest level because it will subject him to an "imminent risk of serious and irreparable harm to [his] mental health and physical health." ECF No. 1 at 3. However, there is no imminent danger exception to the exhaustion requirement and there is no indication that administrative remedies are unavailable to plaintiff, particularly in light of his representation that he has initiated the grievance process. See Blacher v. Diaz, No. 22-55818, 2024 WL 5182632, at *1, 2024 U.S. App. LEXIS 32320, at *3 (9th Cir. Dec. 20, 2024) ("Although 'imminent danger' is considered in the context of in forma pauperis proceedings, 28 U.S.C. § 1915(g), the PLRA does not provide for such an exception to its exhaustion requirement."). Plaintiff will therefore be required to show cause why his complaint should not be dismissed for failure to exhaust his administrative remedies prior to filing suit. Such dismissal would be without prejudice to re-filing once plaintiff has exhausted his administrative remedies.

IV.     Motion for Appointment of Counsel

Plaintiff has requested the appointment of counsel. ECF No. 5. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff seeks appointment of counsel on the grounds that he is indigent, the factual and legal issues in this case are complex, his medical condition limits his access to the law library and

ability to investigate facts, his mental and medical conditions make him unable to litigate, and an attorney would be better able to present his case at trial. ECF No. 5. As addressed above, it appears that plaintiff has not exhausted his administrative remedies prior to filing this lawsuit, and it is therefore unclear whether plaintiff has any likelihood of success on the merits at this time. Moreover, plaintiff's filings have demonstrated that he has the ability to clearly articulate his claims. Furthermore, any request based on the need for trial is premature and the mere claim that plaintiff suffers from various health conditions is not enough to establish exceptional circumstances warranting appointment of counsel. If plaintiff chooses to file another motion for appointment of counsel, he should identify what conditions he suffers from, explain how his conditions prevent him from proceeding without assistance, and provide medical documentation supporting his claimed impairments. For these reasons, plaintiff has not shown the existence of extraordinary circumstances warranting the appointment of counsel.

V.    Plain Language Summary of this Order for Party Proceeding Without a Lawyer

You have stated in your complaint that you did not exhaust the prison grievance process before filing your complaint. Imminent danger is not an exception to the exhaustion requirement. You must show either that (1) you have exhausted your grievance or (2) the grievance process was not available to you. If you do not, it will be recommended that your complaint be dismissed without prejudice to re-filing once you have exhausted your grievance.

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's motion for appointment of counsel (ECF No. 5) is DENIED.

4. Within thirty days from the date of service of this order, plaintiff must show cause in writing why his complaint should not be dismissed without prejudice for failure to exhaust

1 administrative remedies. Failure to respond will result in a recommendation that this action be
2 dismissed without prejudice.
3 DATED: February 6, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE