UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE TAYLOR, III,<br>Plaintiff,<br>v.<br>S. AWATANI, et al.,<br>Defendants. | No. 2:25-cv-0307 TLN AC P<br><br>ORDER |

Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer. The initial complaint, which alleged that plaintiff had been retaliated against by clinical staff at the California Health Care Facility, was accompanied by a Motion for Temporary Restraining Order and Preliminary Injunction. ECF No. 3. Plaintiff also filed an Emergency Request for a Ruling regarding the TRO application. ECF No. 10. Since that time, and before the court could screen the initial complaint or address plaintiff's response (ECF No. 24) to an Order to Show Cause (ECF No. 6) regarding administrative exhaustion, plaintiff filed a First Amended Complaint. ECF No. 34. This order resolves all outstanding matters.

I. The First Amended Complaint Renders Matters Related to the Initial Complaint Moot

An amended pleading supersedes the original. Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)); Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

1967). Accordingly, the original complaint in this case is no longer the operative pleading and has no effect. Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent.") (internal quotation marks and citations omitted). The Order to Show Cause regarding exhaustion of the claims in the original complaint will therefore be vacated as moot.

Plaintiff's outstanding request for preliminary injunctive relief was based on the original complaint and is therefore also moot. See Perrin Bernard Supowitz, LLC v. Morales, 2022 U.S. Dist. LEXIS 153687, 2022 WL 3686407, at *2 (C.D. Cal. Aug. 25, 2022) (denying motion for preliminary injunction as moot upon filing of amended complaint); Kifle v. YouTube LLC, 2021 U.S. Dist. LEXIS 74885, 2021 WL 1530942, at *1 (N.D. Cal. Apr. 19, 2021) (denying initial motion for temporary restraining order as moot upon filing of amended complaint). Plaintiff's motion sought an order that defendants "cease and desist from downgrading plaintiff's level of medical care from an Outpatient Housing Unit" and preventing his transfer. ECF No. 3 at 1-2. This request appears related to Claim Two of the original complaint, which alleged that defendant Park improperly downgraded plaintiff's level of care in retaliation for plaintiff's threat to sue him over the application of compassionate release criteria. ECF No. 1 at 6 (retaliation in violation of First Amendment). Injunctive relief would have been appropriate only if the court found that plaintiff had demonstrated a likelihood of success on the merits of this claim. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008).

The claim is not included in the First Amended Complaint, however. See EC F No. 34. Because the original complaint must be treated as non-existent and the FAC is not substantially identical to it, the request for preliminary injunctive relief filed with the original complaint is now moot. See Cline v. Dan-Bunkering Am., Inc., 2025 WL 28459, 2025 U.S. Dist. LEXIS 1183 *2 (S.D. Cal. Jan. 3, 20025). The motion will accordingly be stricken.

## II. Screening of the First Amended Complaint

### A. Statutory Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).

B. Allegations of the First Amended Complaint

The First Amended Complaint (FAC) is styled as a class action complaint. ECF No. 34. Plaintiff purports to bring suit on behalf of a class of "inmate-patients" who have allegedly been denied the benefit of California's compassionate release program due to a conspiracy among correctional officials, state officeholders, and the federal Receiver who oversees health care in the state prisons. The FAC states three claims, all on behalf of the class: (1) violation of due process by systematic unwarranted denials of compassionate release in violation of state law; (2) violation of California's Unruh Civil Rights Act by the same improper application of state law; (3) violation of California's Bane Act by the same conduct. ECF No. 34 at 15-17. The FAC contains class allegations as well as individual allegations which are plainly intended to demonstrate that plaintiff is a proper class representative. Id. at 8-14.

C. Discussion

As a self-represented litigant, plaintiff may represent only himself as an individual and pursue claims that are personal to him. See 28 U.S.C. § 1654 (in federal court, "parties may plead and conduct their own cases personally or by counsel ...."). It is well established that because the privilege to represent oneself pro se is personal to the litigant, it does not extend to other parties or entities. Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008). A pro se party thus "has no authority to appear as an attorney for others than himself." C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987). Claims on behalf of entities, including putative classes, must therefore be brought by licensed attorneys. Simon, 546 F.3d at 664-65 (collecting cases finding that pro se plaintiffs may not pursue class actions, qui tam actions, shareholder

derivative actions, or actions on behalf of an estate or trust). Given these fundamental principles, it is well established that a pro se prisoner may not pursue claims on behalf of other inmates or classes of inmates. See, e.g., Taylor El v. Neswsom, No. 1:26-cv-02816-SAB (PC), 2026 U.S. Dist. LEXIS 88875 *2; 2026 WL 1092031 (E.D. Cal. Apr. 22, 20226) (pro se prisoner plaintiffs may not bring class actions); Abel v. Alameda County, 2007 U.S. Dist. LEXIS 104014, 2007 WL 3022252, at *1 (N.D. Cal. Oct. 13, 2007) (same); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (plain error to permit a prisoner proceeding pro se to represent fellow prisoner in a class action).

Because the FAC is a class action complaint and plaintiff is proceeding in pro se, the FAC cannot proceed and therefore will not be served. There is accordingly no need for substantive screening of the claims. Rather than recommending dismissal of the action at this time, however, the undersigned will provide plaintiff with the opportunity to file a Second Amended Complaint (SAC). Any SAC presenting class-based claims or seeking class-wide relief must be filed by counsel. Any pro se SAC should be limited to claims asserting violations of plaintiff's rights as an individual.

## CONCLUSION

For the reasons explained above, it is HEREBY ORDERED as follows:

1. The Order to Show Cause at ECF No. 6 is VACATED as moot;
2. The motions at ECF Nos. 3 and 10 are STRICKEN as moot;
3. The First Amended Complaint, ECF No. 34, has been screened and found unsuitable for service; and
4. Plaintiff is granted 30 days to file a Second Amended Complaint which complies with the above instructions.

DATED: August 7, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE